IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:17-cv-02502-TLP-tmp |
| v. | ) |
| | ) |
| SHELBY COUNTY GOVERNMENT, | ) |
| ROBERT MOORE, GATEWOOD, and | ) |
| ARMARK, | ) |
| | ) |
| Defendants. | ) |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT, AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS**

Plaintiff Boaz Pleasant-Bey, an inmate at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee,[1] sued pro se under 42 U.S.C. § 1983 and moved to withdraw the $350.00 civil filing fee from his prison trust fund account. (Complaint ("Compl."), ECF No. 1; Motion ("Mot."), ECF No. 2.) The complaint concerns events from Plaintiff's prior incarceration at the Shelby County Jail ("SCJ") in Memphis, Tennessee. (Compl., ECF No. 1 at PageID 1.) The Court then issued an order extending the time to comply fully with 28 U.S.C. § 1915(a)(2). (Order, ECF No. 4.) Plaintiff then submitted a new motion to withdraw the $400.00 filing fee from his prison trust fund account and to dismiss his previous motion. (Mot., ECF No. 5.) The Court granted Plaintiff's motion to withdraw the $400.00 filing fee and denied

---

[1] The Docket reflects Plaintiff's location as the Northeast Correctional Complex. According to the TDOC website, however, he now is in custody at TTCC. The Clerk is DIRECTED to please MODIFY the docket with Plaintiff's correct address and to mail this order to him at that address.

leave to proceed in forma pauperis under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b). (Order, ECF No. 6.) The Clerk is ordered to record the Defendants as Shelby County; Robert Moore, Chief Jailer at Shelby County Jail; Detention Response Team Officer First Name Unknown ("FNU") Gatewood; and Aramark.[2]

## BACKGROUND

Plaintiff asserts that he is a Muslim and, as a Muslim, he wears a kufi or turban and eats only traditional halal foods. (Compl., ECF No. 1 at PageID 2–3.) He alleges that a staff member at SCJ told him that he could not wear a kufi in the jail per Chief Moore's instructions. (*Id.* at PageID 3.) Also Defendant Gatewood on one occasion "aggressively" grabbed at the kufi, forcing Plaintiff to remove it and walk to his cell. (*Id.*)

Plaintiff continues to allege that Shelby County and Chief Moore "have created and enforced unconstitutional policies/customs that prohibit inmates from conducting religious services at the Jail." (*Id.* at PageID 4.) For example, Plaintiff states that SCJ policy prohibited him from participating in a Jumu'ah Khutbah, an Islamic sermon, and from leading a group prayer on two dates in the summer of 2017. (*Id.*) Plaintiff also alleges that Shelby County and Chief Moore have not hired a qualified Sunni Muslim Imam to hold these services, yet these Defendants have hired several Christian Chaplains and hold weekly church services at the jail. (*Id.*)

Plaintiff next claims that Aramark and Shelby County have treated Muslim inmates unfairly by failing to provide halal food options. (*Id.* at PageID 5.) Plaintiff alleges that

---

[2] In the complaint, Plaintiff refers to this Defendant as "Armark." The allegations of the complaint make clear that Plaintiff intends to sue Aramark, food service provider to SCJ. The Clerk is DIRECTED to please MODIFY the docket with the correct spelling for this Defendant.

Defendants give Muslim inmates the same non-halal food as the general prison population despite their religious beliefs. (*Id.*)

Plaintiff asserts that these policies violate his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc(a)(1)(A)–(B), the Free Exercise and Establishment Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at PageID 3–4.) Plaintiff sues the Defendants in their official and individual capacities and seeks monetary damages and abolition of all contested policies. (*Id.* at PageID 5.)

## **LEGAL STANDARDS**

### I. Twenty-eight U.S.C. § 1915A Screening Requirements

The Court has to screen prisoner complaints and to dismiss any complaint, or any portion of them, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*,

556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8, Rule 8(a) requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts recognize that pro se litigants are rarely lawyers but they do not give pro se complaints special consideration. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff filed his complaint under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

**I.     SCJ's Prohibition on Religious Headwear**

    **A.     Plaintiff's First Amendment claims against Shelby County state a claim for relief.**

Plaintiff alleges that Chief Moore enacted a policy prohibiting religious headwear at SCJ, and that Officer Gatewood enforced that policy and on one occasion tried to forcibly remove the kufi Plaintiff was wearing. (Compl., ECF No. 1 at PageID 3.) Plaintiff's official-capacity claims against Chief Moore and Officer Gatewood are construed as against Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. When a Plaintiff asserts a § 1983 claim against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality is not responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of

'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)) (emphasis in original).

Plaintiff does not allege that he suffered an injury because of an unconstitutional policy or custom issued by Shelby County's legislative body prohibiting him from wearing a kufi. That said, he does alleges that the policy was Chief Moore's and that SCJ jail staff enforced it. *Monell* liability can attach when the "for policies promulgated by the official vested with final policymaking authority for the municipality." *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005); *see also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) (holding municipal liability may attach when the "actor was a policymaker with final policy making authority.") (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986) (plurality opinion)). "*Monell*'s language makes clear that it expressly envisioned other officials 'whose acts or edicts may fairly be said to represent official policy,' and whose decision therefore may give rise to municipal liability under § 1983." *Pembaur*, 475 U.S. at 480 (quoting *Monell*, 436 U.S. at 694). Under this theory of municipal liability, liability attaches where "a deliberate choice to follow a course of action is made among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. at 483–84 (citation omitted).

Plaintiff alleges here that Chief Moore promulgated the policies at issue and that Officer Gatewood followed that policy to the point of becoming physically aggressive with Plaintiff. The record is unclear whether Chief Moore was the <u>final </u>policymaker for the county jail, or just a county employee granted discretion to run the jail in a certain manner. This difference is key

6

to the success of Plaintiff's claim. *See Miller*, 408 F.3d at 814 (holding that the "mere authority to exercise discretion while performing particular functions does not make a municipal employee a final policymaker unless the official's decisions are final and unreviewable . . . .") (quoting *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993)). As a result, it is plausible—at this stage of the proceedings—that Plaintiff could succeed on his claim First Amendment claims against Shelby County.

> **B.** **Plaintiff's First Amendment claims against Chief Moore and Officer Gatewood in their individual capacities state a claim upon which relief can be granted.**

Plaintiff's individual-capacity claims against Chief Moore and Officer Gatewood allege a First Amendment violation under the Free Exercise and Establishment Clauses. (Compl., ECF No. 1 at PageID 3–5.) The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The First Amendment applies to the States through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Though prisoners retain a First Amendment right to the free exercise of their religion, "the circumstances of prison life may require some restrictions on prisoners' exercise of their religious beliefs." *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011) (quoting *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). Courts therefore must "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons." *Id.* (quoting *Mintzes*, 771 F.2d at 929). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests" and is not "an 'exaggerated response' to prison concerns." *Turner v. Safley*, 482 U.S. 78, 89–90 (1987).

Plaintiff alleges that Chief Moore enacted policies prohibiting Plaintiff from wearing a kufi inside SCJ. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Supervisory liability requires "a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." *Bellamy*, 729 F.2d at 421 (citation omitted).

Plaintiff alleges that Chief Moore created and enforced a policy at SCJ prohibiting inmates from wearing religious headwear or a kufi. Plaintiff asserts jail staff followed this policy, which substantially burdened the exercise of his religion while he was in SCJ from June 28, 2017 through July 12, 2017. These allegations suffice to state a claim under the First Amendment against Chief Moore. Plaintiff's allegation that Officer Gatewood tried to forcibly remove the kufi Plaintiff was wearing under the policy promulgated by Chief Moore also states a First Amendment claim.[3]

## II. Denial of Religious Services

Plaintiff alleges that "Shelby County and Chief Moore have created and enforced" an unconstitutional policy prohibiting Muslim inmates from conducting religious services inside

---

[3] Plaintiff's conclusory allegation that not being allowed to wear a kufi endangered his safety in violation of the Eighth Amendment (Compl., ECF No. 1 at PageID 3) is an unsupported legal conclusion that is not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679.

SCJ. (Compl., ECF No. 1 at PageID 4.) He states that, because of the policies, the jail has refused to hire a full-time Sunni Muslim Imam despite hiring several Christian Chaplains. (*Id.*)

Plaintiff asserts these claims under the First and Fourteenth Amendments on behalf of himself and all Muslim inmates at SCJ. Plaintiff, however, cannot sue for deprivations of the rights of his fellow inmates. "To state a case or controversy under Article III [of the United States Constitution], a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011).

> [T]he irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, footnote, and citations omitted); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Winn*, 563 U.S. at 134 (internal quotation marks and citation omitted). Unless the plaintiff suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001); *see also Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.") (citation omitted). The same rules that guide standing under Article III apply to a claim asserted under RLUIPA. 42 U.S.C § 2000cc-2(a).

Plaintiff alleges that he personally was unable to have Jumu'ah services twice while at SCJ because of the policies of Shelby County and Chief Moore prohibiting those kinds of

9

religious services. If Plaintiff asserts his claim on his own behalf, he sufficiently states a claim under the First Amendment against Shelby County and Chief Moore.

That said, Plaintiff does not assert that Defendants discriminated against him personally by refusing to hire a full-time Imam. Rather, he makes only general assertions on behalf of the entire Muslim inmate community at SCJ. Plaintiff lacks standing to assert these claims on behalf of all Muslim inmates at SCJ. *See Jacobs v. Strickland*, No. 2:08-cv-680, 2009 WL 2476896, at *3 (S.D. Ohio Aug. 11, 2009) ("The Magistrate Judge . . . correctly concluded that Mr. Jacobs could not assert the claims of other Sunni Muslims who were allegedly deprived of their rights under RLUIPA and the United States Constitution."). He therefore fails to state a claim under the First and Fourteenth Amendments against SCJ for not hiring a full-time Imam.

### III. Failure to Provide Halal Food Options

Plaintiff alleges that Aramark, Shelby County, and Chief Moore have denied Muslim inmates halal food options and provided only non-halal options, the same foods given to the general jail population. (Compl., ECF No. 1 at PageID 5). But again, Plaintiff lacks standing to assert deprivations of the rights of the Muslim inmate population inside SCJ. He does not allege that he requested halal food options personally and was denied those foods by any named Defendant.

Even had he alleged standing to assert this claim, Plaintiff fails to state a claim against Aramark or Shelby County. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food

10

services to prisoners. *Id.* at 748–49; *Street*, 102 F.3d at 817–18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against Aramark, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Plaintiff has not alleged that a policy or custom of Aramark— or Shelby County—was the "moving force" behind the denial of halal foods to him at SCJ.

Plaintiff also does not have a constitutional right to halal meats; he has a right only to a diet that is nutritionally adequate without forcing him to consume non-halal meats. *See Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002) (citing cases); *Dotson v. Shelby Cty.*, No. 13-2766-JDT-TMP, 2014 WL 3530820, at *9 (W.D. Tenn. July 15, 2014) (citing cases). Plaintiff does not allege that his diet has been inadequate without the halal foods or meats. He alleges only that Defendants have not provided those foods to Muslim inmates. Plaintiff therefore fails to state a claim under the First or Fourteenth Amendments.

## IV.  RLUIPA Claims

Under RLUIPA, a claimant may "assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C § 2000cc-2(a). An inmate's right to "appropriate relief" under RLUIPA, however, does not encompass monetary damages. *See Pleasant-Bey v. Luttrell*, No. 2:11CV-02138-TLP-TMP, 2018 WL 4291935, at *4 & n.4 (W.D. Tenn. Sept. 7, 2018) (quoting *Haight v. Thompson*, 763 F.3d 554, 568–70 (6th Cir. 2014)). Plaintiff is no longer at SCJ, and so his request for an injunction is moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison staff moot when inmate transferred to another

facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff's request for an injunction is denied as moot, he may receive only monetary damages at this stage of the action. *Pleasant-Bey*, 2018 WL 4291935, at *4. As noted above, Plaintiff is not eligible for monetary damages under RLUIPA. His RLUIPA claims are therefore DISMISSED.

## **CONCLUSION**

In conclusion, the Court DISMISSES Plaintiff's claims under the First and Fourteenth Amendments for not providing halal food options and for not hiring a full-time Imam. Additionally, his RLUIPA claims are DISMISSED for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). His claims against Shelby County, Chief Moore, and Officer Gatewood for violating his First Amendment rights to wear religious headgear may proceed.

Defendant Aramark is TERMINATED.

The Clerk is DIRECTED to issue process for Defendants Shelby County, Chief Moore, and Officer Gatewood and deliver that process to the U.S. Marshal for service. Service must be made on Defendants Shelby County, Chief Moore, and Officer Gatewood under Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1), (10) by registered or certified mail or personally if mail service is not effective. All costs of service must be advanced by the United States.

It is also ORDERED that Plaintiff must serve a copy of every later document he files in this cause on the attorneys for Defendants Shelby County, Chief Moore, and Officer Gatewood.

Plaintiff must make a certificate of service on every document filed. Plaintiff must familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Plaintiff must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 15th day of April, 2019.

                                                    s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE

---

[4] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.