IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02502-TLP-tmp |
| v. ) | |
| ) | |
| SHELBY COUNTY GOVERNMENT, ) | |
| ROBERT MOORE, and GATEWOOD, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO RECONSIDER ORDER PARTIALLY DISMISSING COMPLAINT**

Plaintiff Boaz Pleasant-Bey, an inmate at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, moves the Court to Reconsider its Order Partially Dismissing the Complaint. (ECF Nos. 14 & 22.) For the reasons that follow, this Court DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff sued pro se under 42 U.S.C. § 1983 concerning his previous incarceration at the Shelby County Jail ("SCJ") in Memphis, Tennessee. (ECF No. 1 at PageID 1.) He claimed various actions of Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc(a)(1)(A)–(B), the Free Exercise and Establishment Clauses of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at PageID 3–4.) This Court conducted a screening under 28 U.S.C. § 1915A and dismissed Plaintiff's causes of action: (1) for denial of religious services by failing to hire a full-time Imam, (2) for failure to provide halal food options, and (3) under RLUIPA.

(ECF No. 9 at PageID 31–35.) Only the first two are the subject of Plaintiff's motion to reconsider.

In his Complaint, Plaintiff alleged that Defendants Shelby County and Chief Jailer Robert Moore "have created and enforced unconstitutional policies/customs that prohibit inmates from conducting religious services at the jail." (*Id.* at PageID 4.) He alleged that Shelby County and Chief Moore failed to hire a qualified Sunni Muslim Imam to hold services, even though they employ several Christian Chaplains to hold weekly church services. (*Id.*) Plaintiff further alleged Aramark and Shelby County treated Muslim inmates unfairly by failing to provide halal food options. (*Id.* at Page 5.) He claimed Defendants gave Muslim inmates the same non-halal food as the general prison population, despite their religious beliefs. (*Id.*)

As to his claim for denial of religious services, this Court held Plaintiff lacked standing to assert First and Fourteenth Amendment claims for failure to hire a full-time Imam because he asserted these claims only on behalf of others. (ECF No. 9 at PageID 33.) And as to Plaintiff's claim for failure to provide halal food options, this Court held that (1) he failed to allege standing to assert this claim, (2) he failed to allege a policy or custom of either Aramark or Shelby County was the "moving force" behind his deprivation of rights, and (3) he did not have a constitutional right to halal meats. (*Id.* at PageID 33–34.)

## LEGAL STANDARD

The Sixth Circuit treats a motion for reconsideration as a motion to alter or amend the judgment in districts that do not have local rules on such a motion. *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) ("Treating a motion for reconsideration as a motion to alter or amend the judgment makes sense when a party files a document titled 'Motion for Reconsideration' in a district that does not have a local rule providing for such a motion."). A

district court may grant a motion for reconsideration or a motion to alter or amend a judgment only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir, 2005). This interpretation limits parties from raising new legal arguments that they could have raised beforehand, rearguing a case, or introducing new evidence for the first time when the party should have presented that evidence earlier. See *Shah v. NXP Semiconductors USA, Inc.*, 507 Fed. App'x 483, 495 (6th Cir. 2012); *see also Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2007) (stating that "[c]ourts should not reconsider prior decisions where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

## **ANALYSIS**

Plaintiff requests reconsideration on two grounds: (1) the Sixth Circuit's holding in *Pleasant-Bey v. Tenn. Dep't of Corr., et al.*, No. 18-5424 (6th Cir. Apr. 4, 2019); and (2) the Sixth Circuit's pending ruling in his appeal of this Court's Order Partially Dismissing the Complaint *Pleasant-Bey v. Shelby County, et al.*, No. 18-6063. (ECF Nos. 14 at PageID 46–47; 22 at PageID 73.)

In *Pleasant-Bey v. Tenn. Dept. of Corr., et al.*, the Plaintiff filed suit against the Tennessee Department of Correction ("TDOC"), the TDOC Commissioner, and several Northeast Correctional Complex ("NECX") officers claiming, in part, that his First and Fourteenth Amendment rights were violated because NECX served non-halal foods to Muslim inmates who adhered to a halal diet. *Pleasant-Bey v. Tenn. Dep't of Corr.*, No. 18-5425 at 5. The District Court granted summary judgment for the defendants, holding that Pleasant-Bey's

3

rights were not violated because he "and other inmates on the Halal meal plan at NECX are given some foods that can be considered Halal even under the incredibly narrow definition employed by the declarants." *Id.* The Sixth Circuit reversed, holding that "a genuine factual dispute existed as to whether the defendants substantially burdened Pleasant-Bey's religious exercise in following a "strict traditional Halal food diet," because Pleasant-Bey filed an affidavit claiming that the menu mainly consisted of processed foods violating his religious beliefs and that he was denied adequate nutrition and caloric intake as a result. *Id.*

Here, Plaintiff claims that the Sixth Circuit's decision is grounds for reconsideration of this Court's dismissal of rights under RLUIPA and under the First and Fourteenth Amendments for failure to provide halal food options. (ECF No. 14 at PageID 46.) Plaintiff seems to argue that the Sixth Circuit's decision renders this Court's dismissal of his claim a clear error of law. (*Id.*) He claims that the same facts occurred here—Defendants refused to serve a proper halal food diet to adhering Muslim inmates. (ECF No. 1 at PageID 5.) Yet, this Court dismissed his claims in spite of the Sixth Circuit's ruling.

Here, unlike in *Pleasant-Bey v. Tenn. Dep't of Corr.* where Pleasant-Bey claimed that the failure to provide halal food denied him adequate nutrition and caloric intake, Plaintiff's Complaint here merely states that Muslim inmates were being fed non-halal foods. (*See* ECF No. 1 at PageID 5.) Nowhere in his complaint does he allege that he was deprived any adequate nutrition. (*Id.*) While the Sixth Circuit has recognized that "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions," it has also held "[i]f the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 F.App'x 176, 179 (6th Cir. 2002)).

4

In this context, an "adequate diet" typically means the "right not to eat the offending food item" and to remain free from malnourishment while doing so. *Alexander*, 31 F. App'x at 179. In the absence of any allegations that the non-halal food diet provided by Defendants has caused Plaintiff to suffer from malnourishment or a lack of adequate nutrition, he has failed to state a claim for violations of his rights under RLUIPA and the First and Fourteenth Amendments. The Court finds no reason to reconsider its initial determination that Plaintiff's claim for failure to provide halal food options fails to state a claim upon which relief may be granted. So Plaintiff's Motion for Reconsideration is DENIED.

As for Plaintiff's Motion for Reconsideration after the Sixth Circuit's Ruling on Other Issues, (ECF No. 22), this Court lacks jurisdiction to reconsider. Plaintiff's appeal currently pending before the Supreme Court involves an issue previously dismissed by this Court. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case that were involved in the appeal." *Griggs v. Provident Consumer Disc., Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citation omitted); *see also*, *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).

The district court is not, however, completely without power to proceed in a case upon the filing of a notice of appeal. *See Williamson*, 731 F.3d at 626. "[I]t retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Id.* (citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007); *Weaver v. University of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)).

Here, Plaintiff does not ask the Court to enforce a judgment, engage in an activity in the aid of an appellate process, or adjudicate matters unrelated to the issue on appeal. In fact, Plaintiff's Motion for Reconsideration after the Sixth Circuit's Ruling on Other Issues asks the Court to reconsider and adjudicate a matter directly pending before the Sixth Circuit—that is, whether Plaintiff's First and Fourteenth Amendment rights were violated by the SCJ's failure to hire a qualified Sunni Muslim Imam to hold services. (ECF No. 22 at PageID 73.) Therefore, the Court has no jurisdiction to reconsider its Order at this time, and Plaintiff's Motion for Reconsideration after the Sixth Circuit's Ruling on Other Issues is DENIED.

**SO ORDERED**, this 20th day of September, 2019.

                                                                   s/Thomas L. Parker
                                                                   THOMAS L. PARKER
                                                                   UNITED STATES DISTRICT JUDGE