IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELBY COUNTY GOVERNMENT, ) <br> ROBERT MOORE, and GATEWOOD, ) <br> ) <br> Defendants. ) | No. 2:17-cv-02502-TLP-tmp |

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Boaz Pleasant-Bey, an inmate at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, sued pro se under 42 U.S.C. § 1983. (ECF No. 1.) Chief Jailer Robert Moore moved for judgment on the pleadings on Plaintiff's individual capacity claims against him, arguing that he is entitled to qualified immunity. (ECF No. 20.) Officer Charles Gatewood later joined in Chief Moore's motion. (ECF No. 33.) For the reasons below, this Court **DENIES** Chief Jailer Robert Moore and Officer Charles Gatewood's Motion for judgment on the pleadings.

**BACKGROUND**

Plaintiff asserts that he is a Muslim and, as a Muslim, he wears a kufi or a turban. (ECF No. 1 at PageID 2–3.) He alleges that a staff member at the Shelby County Jail told him that he could not wear a kufi in the jail per Chief Moore's instructions. (*Id.* at PageID 3.) And Defendant Gatewood once "aggressively" grabbed at his kufi, forcing Plaintiff to remove it and walk to his cell. (*Id.*)

Plaintiff also claims that the Defendants "created and enforced unconstitutional policies/customs that prohibit inmates from conducting religious services at the jail." (*Id.* at PageID 4.) He claims that Defendants forced him to eat non-halal foods and refused to hire a qualified Sunni Muslim Imam to hold traditional Islamic sermons. (*Id.* at PageID 2–4.)

Plaintiff alleges that these policies violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc(a)(1)(A)–(B), the Free Exercise and Establishment Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment. (*Id.* at PageID 3–4.) He sues Defendants in their official and individual capacities and seeks monetary damages and abolition of all contested policies. (*Id.* at PageID 5.)

After screening the Complaint, the Court dismissed Plaintiff's claims: (1) for denial of religious services by failing to hire a full-time Imam, (2) for failure to provide halal food options, and (3) those under RLUIPA. (ECF No. 9 at PageID 31–35.) The Court, however, allowed Plaintiff's claims to proceed against Shelby County, Chief Moore, and Officer Gatewood for violating his First Amendment right to wear religious headgear. (*Id.*) Now, Chief Moore moves for Judgment on the Pleadings on Plaintiff's claims of individual liability, (ECF No. 20), and Officer Gatewood joins in the Motion. (ECF No. 33.)

## **LEGAL STANDARD**

Chief Moore and Officer Gatewood seek relief under Rule 12(c) of the Federal Rules of Civil Procedure. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a motion for judgment on the pleadings under Rule 12(c) using the same standard as a motion to dismiss under Rule 12(b)(6). *Monroe Retail, Inc. v. RBS Citizens, N.A.*, 589 F.3d 274, 279 (6th Cir. 2009).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint's allegations by arguing the allegations establish no claim for which relief can be granted. To test the sufficiency of the complaint, the Court also looks to Rule 8. Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)).

A court considering a motion to dismiss under Rule 12(b)(6) must "construe the complaint in the light most favorable to the plaintiff, accept all allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court need not accept as true all legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d. 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In sum, "[t]o withstand a Rule 12(c) motion for judgment on the pleadings, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d 327, 336 (6th Cir. 2007)). Put another way, "[t]he Court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) is based upon whether the

claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." *Time & Sec. Mgmt., Inc. v. Pittway Corp.*, 422 F. Supp. 2d 907, 910 (W.D. Tenn. 2006) (citations and internal quotation marks omitted).

## **ANALYSIS**

Defendants Moore and Gatewood claim qualified immunity from suit because Plaintiff's right to wear a kufi was not clearly established. (ECF Nos. 20-1 at PageID 66–68; 33 at PageID 103–05.) Plaintiff, on the other hand, argues that his right to wear a kufi is clearly established, absent a legitimate penological interest in restricting his ability to exercise his religion under the First Amendment. (ECF No. 23 at PageID 75.)

**I.     Qualified Immunity Doctrine**

The doctrine of qualified immunity protects municipal officials from individual liability for performing discretionary functions, unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Higgason v. Stephens*, 288 F.3d 868, 876 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal quotation marks omitted). This ensures that public officials can discharge their duties without fear of "potentially disabling threats of liability" for damages. *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006) (quoting *Elder v. Holloway*, 510 U.S. 510, 514 (1994)) (internal quotation marks omitted). The doctrine "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 229 (1991).

To determine whether qualified immunity applies, a court must decide (1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged

misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Court may determine whether the right was clearly established before determining whether Plaintiff alleges a violation of his constitutional rights. *Id.* at 242. Once a defendant raises the qualified immunity defense, Plaintiff must invoke some authority showing that "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

**II.  Clearly Established Right**

In determining whether a right is clearly established, the Court looks to decisions of the Supreme Court, then to decisions of the Sixth Circuit, and finally to other courts of appeal, and asks whether these precedents placed the constitutional question at issue "beyond debate." *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 739–40 (2011); *Andrews v. Hickman Cty., Tenn.*, 700 F.3d 845, 853 (6th Cir. 2012)). District court decisions do not constitute clearly established law. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case. . . . Otherwise said, district court decisions—unlike those from the courts of appeals—do not necessarily settle constitutional standards or prevent repeated claims of qualified immunity.").

Turning to Plaintiff's claim, prison inmates do not lose their First Amendment right to exercise their religion due to incarceration. *Turner v. Safley*, 482 U.S. 78 (1987). Plaintiff alleges that he is a Muslim following the Sunnah of the Prophet Muhammad, who "always wore

5

a kufi when he left home." (ECF No. 1 at PageID 2.)  Plaintiff thus alleges that his religion mandates that he follow this tradition.  (ECF No. 1 at PageID 2–3.)

But some level of restriction on prisoners' exercise of their religious beliefs is part of incarceration.  *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985).  Courts therefore must "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons."  *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011) (quoting *Mintzes*, 771 F.2d at 929.)  Prison regulations impinging on inmates' constitutional rights are valid if they are "reasonably related to legitimate penological interests."  *Turner*, 482 U.S. at 89–90.

### III. Legitimate Penological Interest

Although the Sixth Circuit has not specifically addressed an inmate seeking to wear a kufi, many other Circuits have held that restrictions on religious headgear (like a kufi) are valid when the defendants state a legitimate penological interest in doing so.  *See, e.g.*, *Portley-El v. Zavaras*, 188 F.3d 519 (10th Cir. 1999) (holding a religious headgear policy was valid "[b]ecause such religious headgear may be used to conceal drugs, weapons, or other contraband, and may spark internal violence among prisoners"); *Freeman v. Arapaio*, 125 F.3d 732, 736 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008) ("[T]o establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests."); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) ("Allowing inmates to wear . . . religious articles . . . conceivably could undermine the TDJC's legitimate penological interests, primarily its overriding concern for prison security."); *Young v. Lane*, 922 F.2d 370, 374 (7th Cir. 1991)

(rejecting a challenge to a rule limiting religious headgear when the defendant stated a strong interest in uniform dress regulations); *Rogers v. Scurr*, 676 F.2d 1211, 1216 (8th Cir. 1982) (finding no constitutional violation by the limitation of religious garb where the defendants asserted a need to safeguard institutional security); *St. Claire v. Cuyler*, 634 F.2d 109, 116 (3d Cir. 1980) (upholding limitations on religious headgear for security reasons).

Defendants' contention that the right to wear a kufi is not clearly established ignores the constitutional mandate that prison policies infringing on a prisoner's right to exercise his religion must be rationally related to legitimate penological interests. *Id.* at 78. And the cases Defendants cite upholding prison restrictions on religious headgear are distinguishable from this case—the defendants in those cases proffered a legitimate penological interest in each case when the Court found that the prison officials did not violate the prisoner's constitutional rights.

For example, in *Young v. Lane*, 922 F.2d 370, 375–77 (7th Cir. 1991), the court upheld a restriction on religious headgear when defendants cited security concerns and their interest in uniform dress regulations. And in *Benjamin v. Coughlin*, 905 F.2d 571, 578–79 (2d Cir. 1990) the court held that prison officials could properly ban Rastafarian crowns when those officials cited the danger that the inmates could conceal and transport controlled substances or other contraband in that headgear, threatening prison security. In *Sanding Deer v. Carlson*, 831 F.2d 1525, 1528 (9th Cir. 1987) the court found appropriate defendants' no-headwear policy when defendants noted cleanliness, security, and safety reasons underpinned the challenged policy. Finally, in *Butler-Bey v. Frey*, 811 F.2d 449, 451 (8th Cir. 1987), the court upheld a prohibition on wearing fezes where prison officials testified to concern that prisoners were smuggling contraband, threatening institutional security.

7

Defendant is correct that the right to wear a kufi is not clearly established when defendants proffer a legitimate penological interest for that restriction. *See id.* But Defendants' pleadings and motions here identify no legitimate penological interest underpinning the removal of Plaintiff's kufi. If Defendants have a legitimate penological interest in keeping Plaintiff from wearing a kufi, they have yet to show what the interest is.

At this stage of the proceeding, the Court must accept Plaintiff's allegations as true. *DIRECTV*, 487 F.3d at 476. In doing so, Plaintiff has stated a claim for violating his First Amendment right to the free exercise of his religion absent a legitimate penological interest in preventing him from wearing his kufi. (ECF No. 1 at PageID 3); *see Boles v. Neet*, 486 F.3d 1177, 1184 (10th Cir. 2007) (holding a prison warden has not established the defense of qualified immunity where he identified no penological interest in support of the restriction) (emphasis added). Without a legitimate penological interest in preventing Plaintiff from wearing his kufi, Plaintiff states a claim for relief under 42 U.S.C. § 1983, and Chief Moore and Officer Gatewood have no right to judgment on the pleadings based on qualified immunity.

## **CONCLUSION**

For these reasons, Defendants' Motion for Judgment on the Pleadings because of qualified immunity is **DENIED**.

**SO ORDERED**, this 31st day of October, 2019.

      s/Thomas L. Parker
      THOMAS L. PARKER
      UNITED STATES DISTRICT JUDGE